IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

STEPHANIE A. USEVICZ,

       Plaintiff

v.

WELTMAN WEINBERG & REIS CO. OF MICHIGAN and WELTMAN WEINBERG & REIS CO., LPA

       Defendant.

FDCPA AND BREACH OF PRIVACY ASPECT OF FDCPA AND MRCPA COMPLAINT & JURY DEMAND

Case No.
Hon.
Magistrate Judge:

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, **STEPHANIE USEVICZ** (Hereinafter termed "Plaintiff" or "Usevicz" or "Ms. Usevicz"), against Defendants **WELTMAN WEINBERG & REIS CO. OF MICHIGAN and WELTMAN WEINBERG & REIS CO., LPA** (Hereinafter referred to as "Weltman" or "Defendant") and state:

## I. PRELIMINARY STATEMENT OF THE FDCPA AND MRCPA ALLEGATIONS

The Plaintiff brings this class action based upon the Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq,* and

violations of The Regulation of Michigan Collection Practices Act (RMCPA), codified at MCL 445.251 et seq. for:

(1) Exposing the private debt information of Plaintiff and the fact that Ms. Usevicz was being sued by a debt collector in a collection communication to a third-party process server without the express permission of a court of competent jurisdiction in violation of 15 USC 1692c(b); and

(2) Contacting Ms. Usevicz with a collection communication through a third party process server when Defendant Weltman knew that Plaintiff was represented by attorney counsel at the time of the collection contact in violation of 15 USC 1692c(a)(1), (2) and in violation of 15 USC 1692n.

**Please see Exhibit 1 and Exhibit 2 and Exhibit 3**.

## II. PARTIES

1. The Plaintiff is a natural person and consumer as defined by 15 U.S.C. 1692a (3) and located in Wayne County, State of Michigan. **Please see Exhibit 1**.

2. Defendant Weltman is a Michigan and Ohio Entity incorporated in the State of Michigan and a debt collector whose principal business purpose is the collection of defaulted debts through Michigan collection lawsuits and has a **resident agent and address located in the City of Plymouth, County of Wayne, State of Michigan.**

## III. JURISDICTION AND VENUE

3. This court has subject matter jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. 1692 *et seq.*, 28 U.S.C. 1331 and 28 U.S.C. 1367. The venue is proper in any court of competent jurisdiction under 15 U.S.C. 1692k(d) and the RMCPA.

## IV.   STATUTES THAT APPLY TO THIS CASE

4. Weltman was regulated by the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq,* and the Regulation of Michigan Collection Practices Act (RMCPA), codified at MCL 445.251 et seq. when collecting on the debt for Navient Credit Finance Corporation at the case, *Navient Credit Finance Corporation v Stephanie A. Usevicz,* Case # 22-007344-CK in Wayne County Circuit when the Plaintiff was contacted by the Weltman after it knew Plaintiff was represented by an attorney.

5. 15 U.S.C. 1692c(b) states that:

**15 U.S. Code § 1692c – Communication in connection with debt collection**

**(b)COMMUNICATION WITH THIRD PARTIES**

Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

6.   15 U.S.C. 1692n states that:

**15 U.S. Code § 1692n. Relation to State laws**

This subchapter does not annul, alter, or affect, or exempt any person subject to the provisions of this subchapter from complying with the laws of any State with respect to debt collection practices, except to the extent that those laws are inconsistent with any provision of this subchapter, and then only to the extent of the inconsistency. For purposes of this section, a State law is not inconsistent with this subchapter if the protection such law affords any consumer is greater than the protection provided by this subchapter.

7.   At 15 U.S. Code § 1692 - Congressional findings and declaration of purpose to protect the privacy rights of a consumer state:

**(a)ABUSIVE PRACTICES**

There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to *invasions of individual privacy*.

8.   15 U.S.C. 1692c states that:

**(a)COMMUNICATION WITH THE CONSUMER GENERALLY**

Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

**(1)** at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;

**(2)** if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; or

**(3)** at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

9. Under the FDCPA, a consumer is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. 1692a (3). Under the FDCPA, a debt means ***any obligation or alleged obligation of a consumer*** to pay money arising out of a transaction in which the money, property, insurance, or services, which are the subject of the transaction, are primarily for personal, family, or household purposes. 15 U.S.C. 1692a (5).

10. Under the FDCPA, a debt collector is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. 1692a (6) and 15 U.S.C. 1692a(6)(f)(iii) as the debt was in default when purportedly obtained and collected upon by Defendant Weltman.

11. Defendant Weltman is a debt collector whose primary purpose is the collection of debts through lawsuits and is not a creditor. 15 U.S.C. 1692a (6).

12. The FDCPA defines "communication" at 15 U.S.C. § 1692a (3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium" and Weltman was communicating debt collection information through its lawsuit and specifically, the Summons and Complaint when serving Ms. Usevicz.

13. The FDCPA prohibits a debt collector, in connection with a debt, from communicating with third parties, 15 U.S.C. 1692c(b). *Obduskey v McCarthy & Holthus LLP*, 139 S.Ct. 1029 (2019).

14. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation.

15. In violation of 15 USC 1692c(b) and 15 U.S.C. §§ 1692c(a) the Defendant provided Ms. Usevicz's personal debt information to the Defendant's process server in breach of Mr. White's right to privacy and served Ms. Usevicz when the Defendant knew Plaintiff was represented by an attorney while collecting a debt. **Please see Exhibit 1**.

16. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorney's fees as determined by the Court and costs of this action. 15 U.S.C. 1692k.

17. The RCPA mirrors the requirements and remedies of the FDCPA with the same 6th Circuit use of the "least sophisticated consumer" standard. *McKeown v.*

*Mary Jane M. Elliott P.C.,* No. 07–12016–BC, 2007 WL 4326825, at *5 (E.D.Mich. Dec. 10, 2007) (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.,* 126 B.R. 422, 426 (D.Del.1991)) held that "§ 445.252(e) applies to Defendant, its analysis is similar to that under § 1692e of the FDCPA, both of which bar misleading and deceptive communications… Considering the similarity between 15 U.S.C. § 1692e and these causes of action, it appears appropriate to view Plaintiff's claims under the same "least sophisticated consumer" standard.

18. The RCPA prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for the purpose of collecting a consumer debt. "The RPCA mirrors the requirements and remedies of the FDCPA with the same 6th Circuit use of the "least sophisticated consumer" standard of *Kistner*, 518 F.3d at 441. *McKeown v. Mary Jane M. Elliott P.C.,* No. 07–12016–BC, 2007 WL 4326825, at *5 (E.D.Mich. Dec. 10, 2007) (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.,* 126 B.R. 422, 426 (D.Del.1991)).

19. Defendant is a regulated agency under the RCPA. See *Misleh v Timothy E. Baxter & Associates*, 786 F Supp. 2d 1330(E.D. Mich 2011; *Newman v. Trott & Trott, PC*, 889 F. Supp. 2d 948 - Dist. Court, ED Michigan 2012; *Baker v. Residential Funding Co.,* LLC, 886 F. Supp. 2d 591 - Dist. Court, ED Michigan 2012.

20. "Person" means an individual, sole proprietorship, partnership, association, or corporation. Defendant is a regulated person under § 445.251(g)(xi). Defendant is violating the following RCPA subsections:

21. **445.252 Prohibited acts.**

(a) Communicating with a debtor in a misleading or deceptive manner, such as using the stationery of an attorney or credit bureau unless the regulated person is an attorney or is a credit bureau and it is disclosed that it is the collection department of the credit bureau; and

(h) Communicating with a debtor, except through billing procedure when the debtor is actively represented by an attorney, the attorney's name and address are known, and the attorney has been contacted in writing by the credit grantor or the credit grantor's representative or agent, unless the attorney representing the debtor fails to answer written communication or fails to discuss the claim on its merits within 30 days after receipt of the written communication; and

(n) Using a harassing, oppressive, or abusive method to collect a debt; and

(q) Failing to implement a procedure designed to prevent a violation by an employee.

22. Plaintiff is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a (3).

23. Plaintiff is, at all times relevant to this complaint, is a "Consumer" or "debtor"

as an individual who is obligated or allegedly obligated to pay a debt at MCL 445.251(d).

24. Weltman is a "debt collector" under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a (6) and Weltman is a "collection agency" as that term is defined in the RMPCA, M.C.L. § 445.251(b).

25. Defendant was collecting a debt for Navient when it provided the collection lawsuit to the process server to serve Ms. Usevicz under 15 U.S.C. §1692a (5) and Weltman was collecting a "claim or debt" as that term is defined in the M.C.L. § 445.251(a).

26. Under 15 USC 1692a(6)(D), a process server is considered a third party outside the regulation of the FDCPA and is listed as one of several exceptions in the Act as to the definition of what the term "debt collector" means.

## V. ALLEGATIONS AND PRACTICES COMPLAINED OF IN THIS CASE

27. Ms. Usevicz had learned that she was about to be served with a lawsuit when a notice was left on her door by a process server seeking to serve her personally.

28. Ms. Usevicz has severe medical issues and long-haul symptoms of recent infections and has a compromised immune system and so she hired an attorney to contact Navient through their attorneys, Defendant Weltman so that the law firm could serve her attorney directly to avoid contact with the process server.

29.     Defendant Weltman served the lawsuit on Ms. Usevicz through her attorney on June 28, 2022 after her counsel emailed Weltman to serve him:

**From:** Brian Parker <brianparker@collectionstopper.com>
**Sent:** Tuesday, June 28, 2022 1:10 PM
**To:** Best, Daniel <                >; Jennifer Terese Dillow
**Subject:** Navient Credit Finance Corporation v STEPHANIE A. USEVICZ at Case #22-007344 in WCCC

Good afternoon Dan and Jennifer. I represent Ms. Stephanie A. Usevicz in the above captioned titled case. Please email me the lawsuit and exhibits so that you can avoid paying your process server on this and worrying my client with personal service. Thank you.

Brian Parker

**From:** Dillow, Jennifer <jdillow@weltman.com>
**Sent:** Tuesday, June 28, 2022 1:28 PM
**To:** Brian Parker <brianparker@collectionstopper.com>; Best, Daniel <dbest@weltman.com>
**Subject:** RE: Navient Credit Finance Corporation v STEPHANIE A. USEVICZ at Case #22-007344 in WCCC

Good afternoon Brian,

Attached is a copy of the summons and complaint. Please return the completed acknowledgment of service (page 2).

Thank you.

Jennifer T. Dillow
Attorney

**Please see Exhibit 2**.

30.     Plaintiff answered the lawsuit along with a Counter claim on July 2, 2022 and served the Answer on the Court and the Defendant Weltman. **Please see Exhibit 3**.

31.     Though Defendant was well aware of the Plaintiff being represented by counsel pursuant as of June 28, 2022 as stated above, Weltman went ahead and served Ms. Usevicz personally on July 4, 2022 with all of Ms. Usevicz's personal

debt information exposed to the third-party process server while Weltman attempted to collect a debt from Plaintiff. **Please see Exhibit 1, Exhibit 2 and Exhibit 3**.

32. While collecting a debt and communicating the collection to Ms. Usevicz and third parties, Weltman violated 15 USC 1692c(a)(1), 15 USC 1692c(a)(2), and 15 USC 1692c(b) because Defendant knew that Plaintiff had hired an attorney to accept service of the lawsuit, had served Plaintiff's attorney, knew that Ms. Usevicz had grave health issues and Weltman also knew it was serving a third party and breaching the privacy rights of Ms. Usevicz as a consumer protected by the FDCPA.

33. Under 15 USC 1692n, a state law or rule such as the one used by Weltman to serve Ms. Usevicz personally will not protect Defendant from liability when a federal law under 15 USC 1692c(b), 15 USC 1692c(a)(1) and 15 USC 1692c(a)(2) prohibits that same conduct.

34. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorney's fees as determined by the Court and costs of this action. 15 U.S.C. 1692k.

## VI. CAUSES OF ACTION

### DEFENDANT WELTMAN HAS VIOLATED THE FDCPA

**(15 U.S.C. 1692c(b))**

35. Plaintiff realleges the above paragraphs 1-34 and **Exhibits at 1-3**.

36. Defendant Weltman was communicating and collecting a debt when it

violated 15 U.S.C. 1692c(b) by exposing Ms. Usevicz's private debt information to a third-party process server. **Please see Exhibit 1**.

37.     Defendant violated 15 U.S.C. 1692c(b) by exposing Mr. White's personal and private debt information to a third party when it handed the uncovered and open lawsuit to the process server. **Please see Exhibit 1 and Exhibit 2**.

38.     Congress specifically references "invasions of individual privacy" like this third-party exposure of Ms. Usevicz's private debt information and the fact she is facing a debt collector as one of the concerning effects of abusive debt collection practices in the opening statute of the FDCPA regarding Congressional findings and declarations of purpose at 15 U.S.C. §1692(a).

39.     As a result of Defendant's wrongful conduct and violations of 15 U.S.C. 1692c(b) with the exposure of private debt in formation of Ms. Usevicz to a third party, Plaintiff has suffered great and further stress and anxiety and enhanced symptoms of a nervous system already ravaged by disease and disability and long-haul health symptoms, actual, emotional, and financial damages and seeks her attorney fees and costs under the FDCPA and RMCPA. **Please see Exhibit 1**.

40.     Plaintiff seeks judgment against the Defendant Weltman in whatever amount that Plaintiff is entitled to under 15 U.S.C. § 1692k(a)(2)(A) and (3), plus consequential damages and the costs and expenses and attorney fees of this action.

## DEFENDANT WELTMAN HAS VIOLATED THE FDCPA

## (15 U.S.C. 1692c(a)(1) and (2)

41.     Plaintiffs reallege the above paragraphs 1-40 and **Exhibits at 1-3**.

42.     Defendant Weltman was aware of Ms. Usevicz's of grave health situation and that she was represented by an attorney who accepted service of the lawsuit on June 28, 2022 her behalf to avoid contact with the process server and that Plaintiff had Answered the lawsuit when Defendant Weltman later served Ms. Usevicz on July 4, 2022 by personal service by a third party as stated above.

43.     As a result of Defendant's wrongful conduct of serving an attorney represented consumer, Weltman violated **(15 U.S.C. 1692c(a)(1) and (2)**

44.     As a result of the violations of **15 U.S.C. 1692c(a)(1) and 15 USC 1692c(a)(2)**, Plaintiff has suffered anxiety and stress and worsened pre-existing conditions, statutory, actual, emotional, and financial damages and seeks her attorney fees and costs under the FDCPA and RMCPA. **Please see Exhibit 1**.

45.     Plaintiff seeks Judgment against the Defendant Weltman in whatever amount that Plaintiff is entitled to under **15 U.S.C. § 1692k(a)(2)(A) and (3)**, plus consequential damages and the costs and expenses and attorney fees of this action.

## CLAIM AGAINST DEFENDANT WELTMAN UNDER THE MICHIGAN REGULATION OF COLLECTION PRACTICES (MRCP)

46.     Defendant has violated **MCLA 445.252**et seq. in the following ways:

    a. Defendant violated **MCLA 445.252(m)** by bringing to public notice

> that the consumer is a debtor by placing the amount allegedly owed by Plaintiff on the Summons when no court rule required this on the summons. See **Exhibits 1-2-3 above**; and
>
> b. Defendant violated **MCLA 445.252(q)** by failing to implement a procedure designed to prevent a violation by an employee. **Please Exhibit 1-3**; and
>
> c. Defendant violated **MCLA 445.252(n)** with the harassing and abusive attempt to collect a debt by providing the third-party process server personal debt information of the Plaintiff and that she is being pursued by a debt collector and publicizing the collection and the amount being collected to the process server; and
>
> d. Defendant violated **MCLA 445.252(h)** by contacting a consumer that is represented by an attorney. **Please Exhibit 1-3**.

47. Because of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional, and financial damages and seeks her attorney fees and costs under the RMCPA.

48. Because of the actions of Defendant, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing in Michigan and Florida for 29 years and has handled thousands of consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $450.00 an hour.

49. Plaintiff seeks judgment against the Defendant Weltman in whatever amount

that Plaintiff is entitled to plus statutory, actual, and consequential damages and the costs and expenses of this action.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter Judgment in her favor as follows under the above and **Exhibit 1-3**:

A. **For the CAUSES OF ACTION UNDER THE FDCPA**:

   (i) An award of the maximum statutory damages for Plaintiff pursuant to **15 U.S.C. § 1692k(a)(2)(A)**; and

   (ii) An award of actual damages for Plaintiff pursuant to **15 U.S.C. § 1692k(a)(1)**; and

   (iii) For declaratory relief, pursuant to **28 U.S.C. §§ 2201, 2202** adjudging Defendant's collection conduct through a third-party process server, violates the FDCPA; and

   (iv) Attorney's fees, litigation expenses, and costs pursuant to **15 U.S.C. § 1692k(a)(3)**; and

   (v) For such other and further relief as may be just and proper.

B. **For the CAUSE OF ACTION UNDER THE RMCPA**:

   (i) Plaintiff seeks Judgment against the Defendant in whatever amount that Plaintiff is entitled to plus statutory, actual, and consequential damages and the costs and expenses of this action.

(ii) Under **MCL 445.257**, Recovery shall be in the amount of actual damages or $50.00, whichever is greater. If the court finds that the method, act, or practice was a wilful violation, the court may assess a civil fine of not less than 3 times the actual damages, or $150.00, whichever is greater, and shall award reasonable attorney's fees and court costs incurred in connection with the action.

(iii) For such other and further relief as may be just and proper.

## VIII. DEMAND FOR JURY

Plaintiff Seeks a Demand for Jury with this Action.

                                                  Respectfully submitted,

                                      THE LAW OFFICES OF BRIAN P. PARKER, PC

                                      /s/ Brian P. Parker
                                      _____

Dated: August 14, 2022           Brian P. Parker (P48617)
                                      Attorney for Plaintiff Usevicz