UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANIE A. USEVICZ,

      Plaintiff,

v.                                 Case No. 22-11890

WELTMAN WEINBERG & REIS, CO.      Sean F. Cox
OF MICHIGAN, *ET AL.*,            United States District Court Judge

      Defendants.
_____/

## OPINION & ORDER
## DISMISSING PLAINTIFF'S FEDERAL CLAIMS AND
## DECLINING SUPPLEMENTAL JURISDICTION OVER STATE-LAW CLAIMS

Acting on behalf of a client, who is not a party to this case, Defendants filed a lawsuit against Plaintiff in state court to collect an alleged debt. Plaintiff then filed this action in federal court, alleging that Defendants violated the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), and the Michigan Regulation of Michigan Collection Practices Act, Mich. Comp. Laws § 445.251 et seq. ("RMCPA"), by providing her private debt information to the process server who personally served her with the summons and complaint in the state-court action. The matter is currently before the Court on Defendants' Motion to Dismiss Plaintiff's Amended Complaint. The parties have briefed the issues and the Court concludes that a hearing is not necessary. *See* Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons below, the Court shall grant the pending motion to the extent that it shall dismiss Plaintiff's FDCPA claims with prejudice. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims and shall dismiss those claims without prejudice.

1

## BACKGROUND

On August 8, 2022, Plaintiff Stephanie Usevicz ("Plaintiff") filed this action against Defendants Weltman Weinberg & Reis, Co. of Michigan and Weltman Weinberg and Reis Company, L.P.A.  Although the body of it referenced Exhibits 1, 2, and 3 (*see* ECF No. 1 at PageID.2), Plaintiff did not attach any exhibits to her original complaint.

After Defendants filed a motion to dismiss on October 3, 2022, this Court issued its standard order, advising Plaintiff that she could either respond to the motion or file an amended complaint, in order to cure any pleading deficiencies.

Plaintiff then filed an Amended Complaint, that is now the operative complaint.  It did not add any new parties and refers to both of the named Defendants collectively as "Defendant Weltman." (Am. Compl. at 1).  It asserts the following causes of action: 1) "Defendant Weltman Has Violated The FDCPA (15 U.S.C. 1692c(b)" (that the Court will refer to as "Count I," although not labeled as such; 2) "Defendant Weltman Has Violated The FDCPA (15 U.S.C. 1692c(a) and (2)" ("Count Two"); and 3) "Claim Against Defendant Weltman Under The Michigan Regulation Of Collection Practices (MRCPA)." (Count III).[1]  Plaintiff's Amended Complaint attached four exhibits.

The first one is an "Affidavit" of Stephanie Usevicz (Pl.'s Exhibit #1), that includes nineteen separate factual statements.  Some of these factual statements are not included as

---

[1]The body of the first page of the Amended Complaint states "Plaintiff bring *this class action* based on Defendant's violations" of the FDCPA and RMCPA.  (Am. Compl. at 1) (emphasis added).  This appears to be an error, as the rest of the Amended Complaint appears to assert only individual claims.  For example, the caption of the case includes just Plaintiff's name and does not include any "on her own behalf and on behalf of a class" language.  In addition, the body of the complaint does not include a proposed class or any class-action allegations.

allegations in Plaintiff's Amended Complaint.  This document is signed by Plaintiff but it is not notarized.  It is dated October 26, 2022, and states "I will later sign this same Affidavit in front of a Notary Public when I am able to leave my home."  (ECF No. 8 at PageID.86).  It is well-established that an "affidavit" "is required to be sworn to by the affiant in front of an 'officer authorized to administer oaths." *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 475 (6th Cir. 2002). "Alternatively, under 28 U.S.C. § 1746, declarations may take the place of affidavits, so long as those declarations are made under the penalty of perjury, certified as true and correct, dated, and signed." *Worthy v. Michigan Bell Tele. Co.*, 472 F. App'x 342, 343 (6th Cir. 2012) (citing *Pollock v. Pollock*, 154 F.3d 601, 612 n.20 (6th Cir. 1988)).  While the document signed by Plaintiff references § 1746, stating "Pursuant to 28 U.S.C. § 1746, STEPHANIE A. USEVICZ, having been duly Sworn and upon oath, verifies, certifies, and declare as follows . . " it does not include language stating the statements are "made under the penalty of perjury."

The allegations in Plaintiff's Amended Complaint, and the exhibits attached to her complaint that can clearly be considered, are as follows.

On June 21, 2022, Navient Credit Finance Corporation ("Navient," who is not a party to this case) filed suit against Plaintiff in Wayne County Circuit Court.  The action was assigned Case Number 22-007344-CK.  (*See* Wayne County Circuit Court Register of Actions for Case 22-007344-CK).[2]  It is undisputed that the state-court issued the summons on June 21, 2022. (Pl.'s Br. at PageID.167).  Attorney Jennifer T. Dillow, an attorney with Weltman, Weinberg &

---

[2]The Court may consider the register of actions for the underlying state-court case without converting the pending motion to dismiss into a summary judgment motion. *See, eg., Davis v. Chorak*, __ F.Supp.3d __, 2022 WL 3701571 at *3 (W.D. Mich. 2022) (collecting cases); *Chase v. MaCauley*, 971 F.3d 582, 587 n.1 (6th Cir. 2020) (Federal courts may take judicial notice of proceedings in other courts of record).

Reis Co., L.P.A. filed the action on behalf of Navient.

Plaintiff alleges that she "learned that she was about to be served with a lawsuit when a notice was left on her door *by a process server* seeking to serve her personally." (Am. Compl. at ¶ 31) (emphasis added). Plaintiff "is disabled and unable to work as she suffers from serious anxiety, depression and 'long haul' covid conditions that have now weakened her heart and lungs so she hired an attorney to contact Navient through their attorneys,[3] Defendant Weltman so that the Defendant could serve her attorney directly to avoid further stress of any contact with the litigation." (Am. Compl. at ¶ 34).

Plaintiff alleges that "Defendant Weltman *served* the Navient lawsuit on Ms. Usevicz's attorney on June 28, 2022 after her counsel emailed Weltman *to serve only him* 'so that you can avoid paying your process server on this and worrying my client with personal service.'" (Am. Compl. at ¶ 35) (emphasis added). The actual email from Plaintiff's Counsel actually reads as follows:

> Good afternoon Dan and Jennifer. I represent Ms. Stephanie A. Usevicz in the above caption titled case. Please email me the lawsuit and exhibits so that you can avoid paying your process server on this and worrying my client with personal service. Thank you.

(Pl.'s Ex. 2).

Plaintiff alleges that Dillow "acknowledged Plaintiff's counsel representation of Ms. Usevicz without dispute and *served counsel* twenty minutes later.") Am. Compl. at ¶ 36) (emphasis added). There are no factual allegations as to how Plaintiff's counsel was purportedly "served" under the court rules and sending a complaint via email is not proper service. The

---

[3]Thus, the process server had already received the summons and complaint in the state-court case from Defendant before Plaintiff hired her counsel.

4

email attached to Plaintiff's complaint reflects that on June 28, 2022, Dillow responded by stating "Attached is a copy of the summons and complaint. *Please return the completed acknowledgment of service* (page 2).  Thank you."  (Pl.'s Ex. 3) (emphasis added).

Plaintiff alleges that on July 2, 2022, her counsel filed and served an "Answer, Affirmative Defenses, Appearance of Counsel, Counter Claim," along with a proof of service of same, in the state-court case.  (Am. Compl. at ¶ 37).  The Register of Actions for the state-court case, however, appears to show that filing was on July 5, 2022.

In any event, the Register of Actions for the state-court case reflects that no acknowledgment of service was filed on the docket.  Plaintiff's Amended Complaint does not include any allegations as to whether Plaintiff's counsel ever returned the acknowledgment of service to Defendant.  Plaintiff's response brief, however, reflects that it is undisputed that Plaintiff's counsel did not return the acknowledgment of service to Defendant.  (Pl.'s Br. at PageID.169-70).

Plaintiff alleges that, although Defendant was aware Plaintiff was "represented by counsel" "as of June 28, 2022, Weltman served Ms. Usevicz personally in front of her neighbors during a July 4, 2022 barbecue[4] as Weltman was attempting to collect a debt from Plaintiff." (Am. Compl. at ¶ 38).

Plaintiff alleges that Defendant violated the FDCPA, and the MRCPA, by providing her private debt information to the process server who served her with the summons and complaint in the state-court action on July 4, 2022, after knowing that Plaintiff was represented by counsel.

---

[4]Although Plaintiff asserts that she is "homebound" (Pl.s' Br. at PageID.166) and cannot even leave her home to sign an affidavit before a notary. (*See* also Pl.'s Ex. 1) (Wherein Plaintiff states she will sign an affidavit before a notary "when I am able to leave my home.").

On November 10, 2022, Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint.

## STANDARD OF DECISION

Defendants' Motion to Dismiss Plaintiff's Amended Complaint is brought pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6).

Dismissal is appropriate under Fed. R. Civ. P. 12(b)(1) where the Court lacks subject-matter jurisdiction over a Plaintiff's claim. "Article III standing is a question of subject matter jurisdiction properly decided under 12(b)(1)." *American BioCare, Inc. v. Howard & Howard Attorneys, Pllc*, 702 F. App'x 416, 419 (6th Cir. 2017).

"To survive a motion to dismiss" under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* When assessing the sufficiency of a plaintiff's claim, this Court must accept the complaint's factual allegations as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). "Mere conclusions," however, "are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal,* 556 U.S. at 664, 129 S.Ct. 1937.

When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and

exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir.2001).*"  Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## ANALYSIS

The pending Motion to Dismiss includes both a standing challenge and challenges under Fed. R. Civ. P. 12(b)(6) for failure to state a claim and seeks dismissal of Plaintiff's FDCPA claims and her state-court claims.

### I.    The Court Shall Dismiss Plaintiff's Federal FDCPA Claims With Prejudice.

Because standing is a threshold issue, the Court normally considers standing challenges before considering challenges brought under Fed. R. Civ. P. 12(b)(6).  Here, however, Plaintiff's position that she has standing to assert her FDCPA claims rests in large part upon the factual statements set forth by Plaintiff in the "Affidavit" that she attached to her Amended Complaint. That document is not an "affidavit," however, because it is not notarized.  It is unclear, and the parties have not briefed or analyzed, whether the Court may consider that statement under 28 U.S.C. § 1746.  That is because although the document references § 1746, it does not contain language declaring that the statements are made "under the penalty of perjury." *See* 28 U.S.C. § 1746(2).  The parties have not addressed whether the language in Plaintiff's document is in "substantially" the form set forth in § 1746.  Given these circumstances, the Court will proceed to address the 12(b)(6) challenge to Plaintiff's FDCPA claims.[5]

_____

[5]After the briefing on the pending motion had concluded, and after this Opinion and Order was drafted, and without seeking leave to do so, Plaintiff filed an amended document.  But even if the amended document is considered, the Court still concludes that Plaintiff's FDCPA

7

Congress enacted the federal FDCPA in order to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

Plaintiff's Amended Complaint alleges that Defendant violated the FDCPA, and lists two causes of action. First, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692c(b) by virtue of having provided the summons and complaint in the state-court action to the process server who personally served her. The Amended Complaint also references 15 U.S.C. § 1692(a)(1) and (2), and asserts that Defendant violated the FDCPA by virtue of Defendant having had improper communications with Plaintiff – a consumer – by virtue of having her served. In responding to the pending Motion to Dismiss, however, Plaintiff appears to abandon that second claim and rely exclusively on the FDCPA claim based upon Defendant having provided the process server with the complaint and summons in the state-law case. (*See* Pl.'s Br., ECF No. 13, at PageID.173, Asserting that "[*t*]*he only focus of Ms. Usevicz's complaint against Weltman Weinberg was solely on the debt collection communications of Weltman **with the process server**.*") (italics and bolding in original).

Regardless of whether Plaintiff has abandoned that second claim, this Court concludes that it should dismiss all of Plaintiff's FDCPA claims.

A.    **Alleged Violation Of 15 U.S.C. § 1692c(b).**

15 U.S.C. § 1692c is titled "Communications in connection with debt collection" and subsection (b) provides some restrictions on a debtor's communications with third parties. The

---

claims should be dismissed for failure to state a claim.

FDCPA's restrictions on communicating with third parties, such as a debtor's employer, are meant to protect debtors from harassment, embarrassment, and the losses of jobs and promotions.  *Brown v. Van Rul Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).  Section 1692c(b) provides as follows:

> (b) Communication with third parties
>
> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, *or the express permission of a court of competent jurisdiction*, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of debt collector.

15 U.S.C. § 1692c(b) (emphasis added).  Stated positively, that section *permits* a debt collector to communicate with a third party *if* a court of competent jurisdiction authorizes that communication.

Plaintiff alleges that Defendant violated § 1692c(b) by virtue of having provided the complaint and summons in the state-court action "to the process server prior to the process serving actually serving" Plaintiff.  (Am. Compl. at ¶ 49).  Plaintiff correctly notes that the FDCPA expressly provides that a process server is not a "debt collector" for purposes of the FDCPA.  *See* 15 U.S.C. § 1692a(6)(D) (Providing that the term debt collector "does not include" "any person while serving or attempting to serve legal process").  Plaintiff contends that a process server, therefore, should be considered merely "a person" under the FDCPA and that Defendant could not provide the process server with a copy of the complaint without violating that subsection because process servers are not one of the enumerated exceptions under 15 U.S.C. § 1692c(b).

9

Defendant disagrees, asserting that communications for the purposes of effectuating service of process consistent with state court rules come within the "express permission of a court" exception to liability under § 1692c(b).  Defendant states that "[u]nder the Michigan Court Rules, only a court can issue a summons upon the filing of a complaint, which is exactly what occurred here.  *See* MCR 2.102(A)."  (Def.'s Br. at 20).  Defendant further notes that, under Michigan's Court Rules, Defendant is obligated to serve Plaintiff, not her attorney, pursuant to MCR 2.107(B)(1)(a). (*Id*. at 21).  MCR 2.107(B)(1)(a) provides that "Service required or permitted to be made on a party for whom an attorney has appeared in the action must be made on the attorney except" that "[t]he original service of the summons and complaint must be made on the party as provided by MCR 2.105."  MCR 2.105 authorizes service on an individual such as Plaintiff to be made "by delivering a summons and a copy of the complaint to the defendant personally."  MCR 2.105(A)(1).   Defendant argues that, under the circumstances presented here, Defendant providing the process server with the court-issued summons and a copy of the complaint falls under the statutory exception in § 1692c(b) for communications made with the "express permission of a court of competent jurisdiction.

Plaintiff's counsel made the same argument he makes here in a recent FDCPA case before the Honorable Linda V. Parker and she rejected it.  *Rider v. Stillman, P.C.*, __ F.Supp.3d __, 2022 WL 3575777 (E.D. Mich. Aug. 19, 2022).  In *Rider,* the plaintiff alleged, among other claims, that the defendant debt-collector violated Section 1692c(b) by disclosing his debt information by placing a summons and complaint in the hands of a process server.  The district court dismissed that claim.  *Id.* at *3.  In doing so, the district court cited the statute, emphasizing the statutory language that the communication must be "without" "the express permission of the

a court of competent jurisdiction" in order to violate that section. *Id.*  The district court then

persuasively explained why the plaintiff failed to state a claim under § 1692c(b):

> Defendant argues for dismissal stating that "[c]ommunications consistent with
> state court rules concerning service of process fit within the "express permission
> of a court of competent jurisdiction" exceptions to § 1692c." (ECF No. 8 at Pg ID
> 87 (citation omitted).) Michigan Court Rules indicate "upon the filing of a
> complaint, the court clerk shall issue a summons to be served as provided in MCR
> 2.103 and 2.105." MCR 2.102(A). Those rules further provide for personal
> service by "any legally competent adult who is not a party" to the case, like a
> process server. MCR 2.103; 2.105(A)(1).
>
> Rider responds that Defendant should have provided the process server with the
> summons and complaint "in a sealed envelope" to protect his "right to privacy."
> (ECF No. 9 at Pg ID 112 (emphasis omitted.)) Rider does not cite any authority
> for this proposition. Defendant counters that the lawsuit was publicly filed and
> certification under MCR 2.104(A) requires verification under MCR 1.109(D)(3),
> which means that the person verifying her statement has "knowledge of the facts
> stated." (ECF No. 10 at Pg ID 190.) Defendant explains "[n]o process server
> could verify that a defendant was served with a copy of a summons and
> complaint, without knowing what was in the sealed envelope." (*Id.*)
>
> The Court finds Defendant's arguments more availing. Moreover, the FDCPA's
> definition of "debt collector" excludes from liability "any person while serving or
> attempting to serve legal process on any other person in connection with the
> judicial enforcement of any debt[.]" 15 U.S.C. § 1692a(6)(D); *see also Scott v.
> Kelkris Assocs., Inc*., No. CIV. 2:10-1654 WBS, 2012 WL 996578, at *7 (E.D.
> Cal. Mar. 23, 2012) (emphasis in original) (citation omitted) ("Even if this
> information were communicated by the process server, the FDCPA excludes from
> liability 'any person while serving or attempting to serve legal process on any
> other person in connection with the judicial enforcement of any debt.' ") As such,
> the FDCPA contemplated process servers serving legal process in connection
> with the judicial enforcement of debt.

*Id*. at * 3-4.  Thus, the district court concluded that the plaintiff failed to state a claim under §

1692c(b) and dismissed that claim with prejudice.

　　　This Court concurs with the reasoning in *Ridder* and shall dismiss Plaintiff's FDCPA

claim brought under § 1692c(b).

　　　**B.　　Alleged Violation Of 15 U.S.C. § 1692c(a)(1) and (2)**

As the second cause of action stated in her Amended Complaint, Plaintiff alleges that Defendant violated § 1692c(a)(1) and (2) by communicating with Plaintiff by virtue of having served her with the complaint and summons by a process server even though she was represented by counsel.  Although Plaintiff may have abandoned this claim, this Court will nevertheless address it.  Section 1692c(a) provides, in pertinent part, as follows:

> (a) Communication with the consumer generally
>
> Without the prior consent of the consumer given directly to the debt collector *or the express permission of a court of competent jurisdiction*, a debt collector may not communicate with a consumer in connection with the collection of any debt–
>
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.  In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridan and before 9 o'clock postmeridian, local time at the consumer's location;
>
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; or
>
> (3) at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

15 U.S.C. § 1692c(a) (emphasis added).  "Stated positively, the FDCPA *permits* direct contact with a represented debtor *if* a court of competent jurisdiction authorizes the contact." *Holcomb v. Freedman Anselmo Lindberg*, 900 F.3d 990, 992 (7th Cir. 2018) (emphasis in original).  In other words, as the "opening phrase of the statute makes clear, a debt collector *may* communicate with a represented debtor if a court of competent jurisdiction has given 'express permission.'" *Id.* at 993 (emphasis in original).  Accordingly, in *Holcomb*, the Seventh Circuit held that court rules

permitting service are interpreted as granting express permission of a court. *Id.* at 992 (Stating "In *Thomas v. Law Firm of Simpson & Cybak,* 392 F.3d 914, 920 (7th Cir. 2004), we suggested in *dicta* that '[c]ourt rules permitting service could be interpreted as granting . . . express permission' under § 1692c(a).  Today we make that holding explicit.")*.*

Here, there can be no dispute that the Wayne County Circuit Court is a court of competent jurisdiction. "A court rule expressly *requiring* a certain action obviously *permits* that action, so a rule requiring service directly on a party expressly permits such service." *Id*. at 993. As Defendant notes, it was required to directly serve Plaintiff, not her attorney, under MCR 2.107.  That is because MCR 2.107(B)(1)(a) provides that "Service required or permitted to be made on a party for whom an attorney has appeared in the action must be made on the attorney except" that "[t]he original service of the summons and complaint must be made on the party as provided by MCR 2.105."  MCR 2.105 permits service on an individual such as Plaintiff to be made "by delivering a summons and a copy of the complaint to the defendant personally."  MCR 2.105(A)(1).

Under the circumstances presented here, Defendant having communicated with Plaintiff, by virtue of having her served with the summons and complaint, falls under the statutory exception in § 1692c(a) for communications made with the "express permission" of a court of competent jurisdiction.

Accordingly, the Court shall dismiss with prejudice Plaintiff's FDCPA claims because her Amended Complaint fails to state a claim against Defendants.


**II.     The Court Declines To  Exercise Supplemental Jurisdiction Over Plaintiff's Remaining State-Law Claims And Shall Dismiss Those Claims Without Prejudice.**

13

This Court is dismissing the only federal  federal claims in this action at an early juncture.  As such, this Court must consider whether it should exercise supplemental jurisdiction over Plaintiff's remaining state-law claims.

The supplemental jurisdiction statute, 28 U.S.C. § 1367,  provides that district courts may decline to exercise supplemental jurisdiction over a claim when: 1) the claim raises a novel or complex issue of state law; 2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;  3) the district court has dismissed all claims over which it has original jurisdiction, or 4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.  28 U.S.C. § 1367(c).

A district court's decision as to whether to exercise supplemental jurisdiction over a plaintiff's state-law claims is reviewed for abuse of discretion.  *Soliday v. Miami Cnty*., Ohio, 55 F.3d 1158, 1164 (6th Cir. 1995).  But generally, when all federal claims are dismissed before trial, the "balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed."  *Musson Theatrical, Inc. v. Federal Exp. Corp*., 89 F.3d 1244, 1254-55 (6th Cir. 1996).

Here, the Court is not only dismissing all federal claims in this case, it is doing so at a very early stage of the litigation – on motions to dismiss filed prior to discovery.  As such, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims brought under the MRCPA and shall dismiss those claims without prejudice.

## CONCLUSION & ORDER

For the reasons stated above, the Court ORDERS that Defendants' Motion to Dismiss is

14

GRANTED IN PART.  The motion is GRANTED to the extent that the Court DISMISSES

WITH PREJUDICE Plaintiff's FDCPA claims in this case.

IT IS FURTHER ORDERED that the Court DECLINES TO EXERCISE

SUPPLEMENTAL JURISDICTION over Plaintiff's remaining state-law claims and

DISMISSES those claims WITHOUT PREJUDICE.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  February 10, 2023

15